**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IRVING P. DEOMAMPO,

    Plaintiff,

    v.

WELLS FARGO BANK; CREDIT CONTROL SERVICES, INC, dba CREDIT COLLECTION SERVICES,

    Defendants.
_____/

No. C 09-1762 PJH

**ORDER GRANTING MOTION TO REMAND**

Before the court is plaintiff Irving Deomampo's ("plaintiff") motion to remand, which defendant Credit Control Services, Inc., dba Credit Collection Services, ("CCS") opposes. Because the court finds that oral argument is unnecessary and would not be helpful, the hearing date of June 24, 2009 is VACATED pursuant to Civil Local Rule 7-1(b). Having carefully read the parties' papers and considered the relevant legal authority, plaintiff's motion to remand is GRANTED, for the reasons stated below.

**BACKGROUND**

On March 12, 2009, plaintiff filed this action in the Superior Court of California, County of San Francisco against Wells Fargo Bank ("Wells Fargo") and CCS (collectively "defendants"), alleging one cause of action based on violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ.Code § 1788 *et seq.* ("RFDCPA"). Specifically, the complaint

alleges that defendants violated: (1) § 1788.14(c): (2) § 1692(c)(a)(2);[1] (3) § 1692g(a)(3); and (4) § 1692e(10). Compl. ¶¶ 21-23. The complaint seeks remedies pursuant to § 1788.32 and § 1692k(a)(2), including statutory damages of $2,000 as to both Wells Fargo and CCS , and reasonable attorney's fees and costs pursuant to § 1788.32 and § 1692k(a)(3).

On April 22, 2009, this action was removed on the basis of federal question jurisdiction. On May 16, 2009, plaintiff filed an amended motion to remand. On June 3, 2009, CCS filed an opposition. On June 8, 2009 plaintiff filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(I) of the Federal Rules of Civil Procedure, dismissing CCS without prejudice. Also on June 8, 2009, plaintiff filed a first amended complaint against Wells Fargo, alleging one cause of action based solely on violations of the RFDCPA. The first amended complaint neither alleges that Wells Fargo violated the FDCPA nor seeks remedies under the FDCPA.

A.   CCS' Motion to Remand

Plaintiff moves the court to remand on the basis that federal question jurisdiction does not exist because this action only alleges a claim for relief under state law.

In the Ninth Circuit it is settled that jurisdiction for purposes of the removal statute is "analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998); see also O'Halloran v. Univ. of Wash., 856 F.2d 1375, 1379 (9th Cir. 1988) (to determine the existence of removal jurisdiction the court looks to the complaint as of the time the petition to remove was filed). Accordingly, "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." Id.

The court concludes that the complaint alleges sufficient facts to state a claim for

---

[1] The court notes that "15 U.S.C. § 1692(c)(a)(2)" does not exist. The court assumes that this is a typographical error, and that plaintiff intended to allege a violation of 15 U.S.C. § 1692c(a)(2).

2

relief under the FDCPA at the time the case was removed. The complaint alleges that CCS is a debt collector under federal law, that CCS engages in consumer debt collection in the regular course of its business, and that CCS violated the FDCPA by (1) sending a collection letter directly to plaintiff after Wells Fargo was advised that plaintiff was represented by counsel in violation of § 1692c(a)(2), (2) requiring "proof of payment" despite the fact that § 1692g(a)(3) allows a plaintiff to dispute the debt without proof of prior payment, and (3) sending an initial collection letter that contradicted and confused plaintiff as to his rights in violation of § 1692e(10) and 1692g(a)(3). The complaint also seeks statutory damages and attorney's fees under the FDCPA. Thus, the court finds that federal question jurisdiction existed at the time of removal pursuant to 28 U.S.C. § 1331.

Because federal question jurisdiction existed at the time of removal, the removal was jurisdictionally proper and the court retains supplemental jurisdiction over the action even though later amendment of the complaint eliminated the federal question upon which removal was based. See Sparta, 159 F.3d at 1213. However, given that plaintiff has voluntarily dismissed the only claim over which the court had original jurisdiction, the court has discretion to decline to exercise supplemental jurisdiction over plaintiff's remaining state law claim. See Satey v. JPMorgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008).

When deciding whether to exercise supplemental jurisdiction, a district court should consider judicial economy, convenience, fairness, and comity. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); City of Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997). Ordinarily, if all claims over which a district court has original jurisdiction have been dismissed before trial in a removed action, the remaining state-law claims should be remanded to state court. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc); Satey, 521 F.3d at 1091 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims.")

3

(quotation marks omitted).

The court concludes that "the values of economy, convenience, fairness and comity" point toward declining to exercise supplemental jurisdiction. The remaining claim is based on state law and the state court is better equipped to efficiently handle state law issues, which now exclusively control this case. This claim was filed originally in state court, and this court has only considered the current motion to remand. As such, remand would not cause a duplication of efforts on the part of the undersigned. Further, remand will not result in prejudice to Wells Fargo because the case is at an early stage of litigation. Finally, the court cannot envision how the parties would be unduly inconvenienced by having this case proceed in state court or how notions of fairness would in any way be impacted by a remand of this case.[2] Accordingly, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claim. Plaintiff's motion to remand is therefore GRANTED.

## CONCLUSION

For the reasons stated above, plaintiff's motion to remand is GRANTED. This case is hereby remanded to the Superior Court of the State of California, County of San Francisco.

**IT IS SO ORDERED.**

Dated: June 19, 2009

PHYLLIS J. HAMILTON
United States District Judge

---

[2] The court notes that while the request for remand may seem to smack of forum shopping, a plaintiff does not engage in impermissible forum shopping where he amends the complaint after removal to eliminate a federal claim in order to preserve the right to litigate in state court. See Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 491 (9th Cir. 1995) (filing federal claims in state court and dismissing those claims following removal so as to facilitate remand is a legitimate strategy).